UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00421-MOC
(3:12-cr-00289-MOC-1)

| REGINALD ANTHONY HUNTER, | ) |
|---|---|
| Petitioner, | ) |
| vs. | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's Motion to Alter or Amend Judgment [Doc. 8] and Motion for Status Report [Doc. 9].

I.  **PROCEDURAL BACKGROUND**

This is a 28 U.S.C. § 2255 proceeding brought by Petitioner Reginald Anthony Hunter ("Petitioner"). Petitioner was convicted in this Court on December 20, 2012 of Armed Bank Robbery and Using and Carrying a Firearm During and in Relation to a Crime of Violence. [See Doc. 21 and 36 of United States v. Hunter, No. 3:12-cr-00289-MOC-1 (W.D.N.C.)].

On July 24, 2015, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 which this Court dismissed on February 5, 2016. See [Doc. 21 of Case 3:15-cv-00333 (W.D.N.C.)]. Petitioner filed a Notice of Appeal of the dismissal of the § 2255 Motion to Vacate and the Fourth Circuit Court of Appeals dismissed the appeal. [Id. at Docs. 26, 27].

On July 30, 2018, Petitioner filed a second Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. 1]. The Court dismissed the Motion to Vacate without prejudice as an unauthorized and successive § 2255 motion. [Doc. 2]. Petitioner then filed a

"Motion for Leave to File Supplement to Motion to Vacate" on August 14, 2018, requesting to supplement his motion to vacate with four pages of medical records. [Doc. 4]. The Court allowed the supplement but explained that doing so would not alter the Court's dismissal of the motion to vacate as unauthorized and successive. [Doc. 5].

On September 10, 2018, Petitioner filed a Motion for Extension of Time to file a Motion for Reconsideration Pursuant to Rule 59(e), which the Court denied on grounds that a motion to alter or amend judgment pursuant to Rule 59(e) must be filed no later than 28 days after entry of judgment. [Docs. 6, 7].

Now before the Court is Petitioner's "Motion to Alter or Amend Judgment of Previously Filed 60(b) pursuant to Rule 59(e)/Fed.R.Civ.P," [Doc. 8] and Petitioner's Motion for Status Report [Doc. 9].

## II. DISCUSSION

### A. Motion to Alter or Amend Judgment

Petitioner moves this Court, pursuant to Fed. R. Civ. P. 59(e), to alter or amend judgment and reconsider its prior dismissal Order to allow Petitioner to reopen this § 2255 proceeding. [Doc. 8 at 1]. Petitioner states that he mislabeled his § 2255 Motion to Vacate, which should have been construed as a "motion to reopen" due to newly discovered evidence of a brain injury, which he claims he discovered through extraordinary circumstances. [Id. at 4-5].

A court has the discretion to alter or amend a judgment pursuant to a motion brought under Rule 59(e) no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Such motions shall be granted only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir.

2

2002)(quoting Collison v. International Chemical Workers Union, 34 F.3d 233, 236 (4th Cir.1994)). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id.

This Court previously denied Petitioner's request for an extension of time to file a Rule 59(e) motion, explaining that a Rule 59(e) motion would have been untimely and that the Court did not have jurisdiction to extend the time to act under Rule 59(e). [Doc. 7]. See Fed. R. Civ. P. 6(b); Goodman v. Everett, 388 Fed. Appx. 269, 270 (4th Cir. 2010)(noting that "the district court is without jurisdiction to extend [the] time period" under Rule 59(e)). The present Rule 59(e) Motion to Alter or Amend Judgment is also untimely filed and this Court is without jurisdiction to address the motion. Although Petitioner attempts to argue that he is entitled relief under Rule 59(e) due to newly discovered evidence, "the Court cannot equitably toll the time period for filing a Rule 59(e) motion..." Oden v. Wilson, 2016 WL 6634883, *2 (E.D. Va. November 8, 2016)(unpublished).

Even if this Court could consider Petitioner's motion as timely filed, it would be denied on the merits. A Rule 59(e) motion may not be used to relitigate matters or present arguments that could have been raised prior to the entry of judgment. Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Petitioner fails to demonstrate any entitlement to relief under Rule 59 to warrant this Court's reconsideration of its previous Order.[1]

---

[1] Petitioner appears to also assert argument under Fed. R. Civ. P. 60(b) in his motion. However, Petitioner also fails to set forth sufficient grounds to support this Court granting reconsideration of its prior dismissal order under Rule 60.

### B. Motion for Status Report

Petitioner requests this Court for a status report regarding his pending Motion to Alter or Amend Judgment. [Doc. 9]. As this Order disposes of the Motion, Petitioner's request for a status report is denied as moot.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Alter or Amend Judgment [Doc. 8] is **DENIED**.
2. Petitioner's Motion for Status Report [Doc. 9] is **DENIED** as moot.
3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 20, 2023

Max O. Cogburn Jr
United States District Judge